IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a Korean corporation, and SEOUL VIOSYS CO., LTD., a Korean corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 24-579 (JNR) |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| TECHNICAL CONSUMER PRODUCTS, INC. dba TCP LIGHTING, | ) ) ) | |
| Defendant. | ) | |

**[PROPOSED] SCHEDULING ORDER**

The Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b) on October 29, 2024, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **December 4, 2024**.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **August 13, 2025**, with exception of amendments to assert inequitable conduct which shall be filed on or before **October 9, 2025**.

3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **March 13, 2026**.

    b. <u>Document Production</u>.  Document production shall be substantially complete by **December 12, 2025.**

    c. <u>Requests for Admission</u>.  A maximum of 40 requests for admission are permitted for each side.  In addition, the parties may serve a reasonable number of requests for admission to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

    d. <u>Interrogatories</u>.  A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

    e. <u>Privilege Logs</u>. With the exception of Paragraph 3(g)(vii) below, the parties shall exchange initial privilege logs by **July 29, 2025**, and final privilege logs by **November 24, 2025**.  With the exception of Paragraph 3(h)(vii) below or upon a showing of good cause, parties shall not be required to log any documents generated on or after the initial filing date of this action or any documents involving the litigation counsel of any party in this case.

    f. <u>Depositions</u>.

        i. <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination, not including expert depositions or third-party depositions.  Each side may take up to 7 hours for each individual English-speaking fact witness and up to 10 hours for each individual fact witness for whom an interpreter is required.  Depositions requiring an interpreter that exceed 7 hours will only

count against the taking side's hour limit as 7 hours. The 7-hour (or 10-hour if interpreted) limit applies to any particular fact witness, regardless of whether that person is testifying in their individual capacity, as a Rule 30(b)(6) designee, or some combination thereof. Upon a showing of good cause, these limits may be extended by order of the Court or by agreement of the parties (e.g., if an individual is designated for a substantial number of Rule 30(b)(6) topics).

        ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it

needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to peter_kosloski@pawd.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

  h. <u>Miscellaneous Discovery Matters</u>.

    i. Identification of Accused Products and Asserted Patents. By **December 18, 2024**, Plaintiffs shall identify the accused product(s) and the asserted patent(s) that the accused product(s) allegedly infringe(s), and produce the file history for each asserted patent.

    ii. Production of Core Technical Documents. By **January 16, 2025**, Defendant shall produce core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

    iii. Infringement Contentions. By **February 19, 2025**, Plaintiffs shall produce their initial infringement contentions for each asserted claim, relating each known accused product to the asserted claims each product allegedly infringes.

    iv. Invalidity Contentions. By **April 30, 2025**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as any related invalidity references (e.g., publications, manuals and patents).

    v. Pending/Completed Litigation Involving Any Asserted Patent. Plaintiffs do not currently expect to institute any further litigation involving the asserted patents in this or other Districts within the next year. Defendant is still evaluating whether to file IPR(s) and has reached no conclusion on that issue.

      vi.      If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiffs shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiffs require a Court Order to make such disclosures, Plaintiffs shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference. Plaintiffs shall represent in the scheduling order that it is complying or has complied with this requirement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

      vii.      Opinion of Counsel. By **July 15, 2025**, Defendant shall (a) produce any opinion of counsel on which Defendant intends to rely in this case, (b) produce any documents relating to the subject matter of any such opinion of counsel, and (c) serve a privilege log identifying any unproduced documents relating to the subject matter of any such opinion of counsel that are being withheld on the basis of attorney-client privilege, work product, or any other protection

4.    <u>Application to Court for Protective Order and ESI Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **December 18, 2024**.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to

>this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

The parties shall confer to determine whether they will file a proposed ESI Order for this matter or use the Delaware Default Standard for Discovery. The parties shall either file the proposed ESI Order or notify the Court that the Delaware Default Standard for Discovery applies by **January 15, 2025**.

5. <u>Papers Filed Under Seal</u>.  When filing papers under seal, a redacted version of any sealed document shall be filed electronically within **seven days** of the filing of the sealed document.

6. <u>Claim Construction Issue Identification.</u>  On or before **May 14, 2025**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. The parties shall exchange their proposed claim construction of those term(s)/phrase(s)[1] and supporting intrinsic evidence on or before **June 2, 2025**. These documents will not be filed with the Court. Subsequent to these exchanges, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **June 25, 2025**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to peter_kosloski@pawd.uscourts.gov. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution

---

[1] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is.  If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

7. <u>Claim Construction Briefing</u>[2]. Plaintiffs shall serve, but not file, its opening brief, not to exceed 5,000 words, on **July 16, 2025**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **August 6, 2025**. Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on **August 27, 2025.** Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **September 17, 2025.** No later than **September 24, 2025**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

    A. [TERM 1][3]

        1. Plaintiffs' Opening Position
        2. Defendant's Answering Position

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiffs should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

       3.       Plaintiffs' Reply Position
       4.       Defendant's Sur-Reply Position

  B.   [TERM 2]

       1.       Plaintiffs' Opening Position
       2.       Defendant's Answering Position
       3.       Plaintiffs' Reply Position
       4.       Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

      8.    <u>Hearing on Claim Construction</u>. Beginning at _____ \_\_.m. on **October \_\_, 2025**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

      9.    <u>Election of Asserted Claims & Prior Art Invalidity Grounds</u>. The parties shall meet and confer in good faith to discuss reasonable limits on the number of asserted claims and the number of prior art invalidity grounds (e.g., where anticipation of asserted claim 1 by reference A, obviousness of asserted claim 1 by reference A combined with reference B, and obviousness of asserted claim 1 by reference A combined with reference C shall count as three invalidity grounds) both before claim construction briefing begins and before the deadline to make a Final Election of Asserted Claims. Plaintiffs shall serve their Final Election of Asserted Claims no later than the later of 45 days after the

Court's claim construction order. Defendant shall serve its Final Election of Asserted Prior Art Invalidity Grounds no later than 45 days after Plaintiffs' Final Election of Asserted Claims.

    10.    <u>Disclosure of Expert Testimony</u>.

        a.    <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 23, 2026**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 28, 2026**.  Reply expert reports from the party with the initial burden of proof are due on or before **June 18, 2026**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report.  The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

        Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before **July 20, 2026**.

        b.    <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    11.    <u>Case Dispositive and Daubert Motions</u>. All case dispositive and Daubert motions shall be served and filed on or before **August 12, 2026**. Responses to any such motions shall be

served and filed on or before **September 16, 2026**. Replies to any such motions shall be served and filed on or before **September 30, 2026**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

12.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.    <u>Pretrial Conference</u>.  On **January __, 2027**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at _____ _.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than **5** p.m. on the fourth business day before the date of the final pretrial conference.  The parties will negotiate a schedule for pretrial order exchanges closer to the time for preparation of the pretrial order.

14.    <u>Motions *in Limine*</u>.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined

in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the fourth business day before the date of the final pretrial conference.  Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to peter_kosloski@pawd.uscourts.gov.

16. <u>Trial</u>.  This matter is scheduled for a five (5) day[4] jury trial beginning at _____ a.m. on **January __, 2027**, with the subsequent trial days beginning at _____ a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. Mediation (for use in non-ANDA patent cases). The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to include the identification of the mediator, the lead counsel for each party at the mediation, the length of the

---

[4] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

_____
UNITED STATES DISTRICT JUDGE

| Event | Proposed Date |
|---|---|
| Order Setting Conference | October 29, 2024 |
| Initial Disclosures | December 4, 2024 |
| Protective Order | December 18, 2024 |
| ESI Order | January 15, 2025 |
| Plaintiff IDs Accused Products, Asserted Patents, & Produces File History | December 18, 2024 |
| Defendant Produces Core Technical Documents and Sales Figures | January 16, 2025 |
| Initial Infringement Contentions | February 19, 2025 |
| Initial Invalidity Contentions | April 30, 2025 |
| Exchange claim term(s)/phrase(s) | May 14, 2025 |
| Exchange proposed constructions | June 2, 2025 |
| Joint Claim Construction Chart filed | June 25, 2025 |
| Plaintiff Serves Opening Claim Construction Brief | July 16, 2025 |
| Defendant Serves Answering Claim Construction Brief | August 6, 2025 |
| Joinder of Other Parties and Amendment of Pleadings | August 13, 2025 |
| Plaintiff Serves Reply Claim Construction Brief | August 27, 2025 |
| Defendant Serves Sur-Reply Claim Construction Brief | September 17, 2025 |
| Parties to file Joint Claim Construction Brief | September 24, 2025 |
| Amendment of Pleading to Assert Inequitable Conduct | October 9, 2025 |
| Claim Construction Hearing | October __, 2025 |
| Final Election of Asserted Claims | 45 days after Claim Construction Order |
| Final Election of Asserted Prior Art Invalidity Grounds | 45 days after Final Election of Asserted Claims |
| Document Production Substantially Complete | December 12, 2025 |
| Fact Discovery Cut Off | March 13, 2026 |
| Serve Opening Expert Reports | April 23, 2026 |
| Serve Rebuttal Expert Reports | May 28, 2026 |
| Serve Reply Expert Reports | June 18, 2026 |

| Event | Proposed Date |
|---|---|
| Expert Deposition Completion Date | July 20, 2026 |
| Case Dispositive/*Daubert* Opening Briefs | August 12, 2026 |
| Case Dispositive/*Daubert* Answering Briefs | September 16, 2026 |
| Case Dispositive/*Daubert* Reply Briefs | September 30, 2026 |
| Parties to file Pretrial Order | No later than the fourth business day before the date of the final pretrial conference |
| Jury Documents | No later than the fourth business day before the date of the final pretrial conference |
| Pretrial conference | January ___, 2027 |
| Trial | January ___, 2027 |