IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD.; and SEOUL VIOSYS CO., LTD., <br><br>        Plaintiffs, <br><br>   v. <br><br> TECHNICAL CONSUMER PRODUCTS, INC. <br><br>        Defendant. | 1:24-cv-579 |

## MEMORANDUM ORDER

Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. and Defendant Technical Consumer Products, Inc. submitted a joint letter regarding a dispute over the inclusion of a patent prosecution bar in their proposed protective order. ECF 54. Having reviewed the letter and exhibit thereto, the Court finds that a patent prosecution bar is proper in this case, and directs the parties to submit a proposed protective order that incorporates TCP's proposed prosecution bar, but with the revisions reflected in the Court's ruling below.

"[T]he determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law." *In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). TCP, as the party seeking to include the patent prosecution bar provision, "carries the burden of showing good cause for its issuance." *Id.* (citing Fed. R. Civ. P. 26(c)). To determine the propriety of a prosecution bar, the Court must balance the risk of inadvertent use or disclosure of proprietary competitive information (acquired during litigation) against the "potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *Id.* at 1380.

Whether there is an unacceptable risk of inadvertent disclosure turns on the extent to which counsel is involved in "competitive decisionmaking" with its client in

connection with patent prosecution activities, *e.g.*, when counsel gives advice or participates in a client's decisions—such as on the type and scope of patent protection—in light of similar or corresponding information about a competitor. *Id.*; *see also PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, No. 16-403, 2017 WL 4138961, at *3 (D. Del. Sept. 18, 2017) ("The Federal Circuit has defined 'competitive decisionmaking' as counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." (cleaned up)); *In re Maxim Integrated Prods., Inc.*, No. 2354, 2012 WL 5398858, at *2 (W.D. Pa. Nov. 2, 2012) ("Whether a patent attorney's involvement with a party is limited to filing patent paperwork and providing broad oversight of patent prosecution, or to obtaining disclosure materials for new inventions or making strategic decisions on patent prosecutions and portfolios, are facts that determine an attorney's decision-making role.").

In evaluating the potential harm to Plaintiffs in denying them their counsel of choice, the Court considers: "the extent and duration of counsel's past history in representing the client before the [PTO], the degree of the client's reliance and dependence on that past history, and the potential difficulty the client might face if forced to rely on other counsel for the pending litigation or engage other counsel to represent it before the PTO." *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184 (D. Del. 2010) (cleaned up).

After balancing the risk of inadvertent use against the potential harm to Plaintiffs, the Court must also determine whether TCP has shown that "the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *In re Deutsche Bank*, 605 F.3d at 1381 ("In evaluating whether to grant a patent

prosecution bar in the first instance, a court must be satisfied that the kind of information that will trigger the bar is relevant to the preparation and prosecution of patent applications before the PTO.").

After balancing the risk of inadvertent use of proprietary competitive information against the potential harm to Plaintiffs, the Court finds that TCP has met its burden; a prosecution bar is therefore appropriate.

**Risk of inadvertent use or disclosure**. This factor weighs in favor of TCP because Plaintiffs have ongoing prosecution activities related to the patents in this litigation, including continuation applications for several of the patents-in-suit that are currently pending at the PTO. ECF 54, p. 3. *See Bos. Sci. Corp. v. Cook Grp. Inc.*, No. 15-980, 2016 WL 1601238, at *2 (D. Del. Apr. 25, 2016) (finding unacceptable risk that defendant's confidential information may be used by plaintiff in patent prosecution, such as in the amendment of pending or future claims, where plaintiff presently had several patent applications relating to the patents-in-suit pending before the PTO, with more to possibly come, and where plaintiff's litigation counsel would likely be engaged in competitive decision-making such as patent prosecution or patent portfolio management and strategic counseling). The risk of inadvertent disclosure is heightened by the fact that many of Plaintiffs' outside counsel of record are qualified to practice before the PTO, and therefore are likely to be substantially engaged in patent prosecution, in any potential future patent prosecution matters.[1]

---

[1] Plaintiffs contend that none of their outside counsel of record are involved in competitive decision-making because TCP is not a competing manufacturer of LEDs, so no one receiving "Highly Confidential–Attorneys' Eyes Only" documents is a competitive decision-maker. ECF 54, p. 2. However, Plaintiffs have requested documents from TCP related to the LEDs manufactured by its suppliers, so—to the extent that TCP does produce these documents—Plaintiffs' counsel may still be reviewing confidential information about competitors, *e.g.*, the suppliers. *See Buergofol GmbH v. Omega Liner Co., Inc.*, No. 22-04112, 2023 WL 3863245, at *4 (D.S.D. June 7, 2023) (discussing cases finding that patent prosecution bars may be necessary even where the parties aren't direct competitors).

**Potential harm to Plaintiffs**.  This factor weighs against Plaintiffs because none of their outside counsel of record have represented Plaintiffs before the PTO.  This suggests that Plaintiffs are able to use other attorneys at Plaintiffs' counsel's firms or hire other firms for their patent prosecution needs.  Beyond arguing that "it would be unfairly prejudicial" to restrict their attorneys of record from "any potential future representation of Plaintiffs in connection with patent prosecution matters for a period of two years[,]" Plaintiffs do not point specifically to what harms they would suffer from having restrictions imposed on their right to counsel of their choice.  ECF 54, p. 3.  So the Court finds that there is good cause for inclusion of the bar.  *See Bos. Sci. Corp.*, 2016 WL 1601238, at *3.  However, the Court is amenable to requests from Plaintiffs for exemptions from the bar on a counsel-by-counsel basis, and so the parties should include such language in the protective order, unless already covered in a separate provision.

**Scope of the bar**.  The Court finds that TCP's proposed two-year bar, as reflected in paragraph 7 of the proposed protective order,[2] is generally appropriate in

---

[2] Under TCP's proposed bar, absent written consent from the producing party, any individual who accesses information designated as "Highly Confidential - Attorneys' Eyes Only" cannot be involved in "the prosecution of patents or patent applications, inclusive of reissue or examination proceedings, having claims or disclosures pertaining or relating to the Relevant Technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office."  ECF 54, p. 20.  "Relevant Technology" refers to "light emitting devices and apparatus." *Id.*, p. 10.  "Prosecution" includes "(1) discussing disclosures with an inventor seeking a patent or patent application, (2) preparing specification or drawings, or (3) directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims[,]" but would not include "representing a party challenging a patent before a domestic or foreign agency in any post-grant review proceedings (including, but not limited to, in an *inter partes* review, a reissue protest, *ex parte* reexamination or *inter partes* reexamination, or any other post-grant review proceedings), provided that the individual does not participate in the drafting or amendment of any patent claims." *Id.*, p. 20.  TCP proposes that the prosecution bar

scope, but requires two revisions, or at least points of clarification, to the bar. *See Front Row Techs., LLC v. NBA Media Ventures*, LLC, 125 F. Supp. 3d 1260, 1283 (D.N.M. 2015) ("Courts routinely hold that prosecution bars with two-year durations are reasonable."); *Bos. Sci. Corp.*, 2016 WL 1601238, at *3 ("[C]ourts have consistently held that prosecution bars that are co-extensive with the subject matter of the asserted patents…are proper in scope."); *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, 330 F.R.D. 387, 396-97 (D. Del. 2019) ("[C]ourts in this district have frequently resolved disputes over protective orders by prohibiting litigation counsel who have had access to the opposing party's confidential information from participating in any way in post-grant proceedings regarding the same patents that were at issue in the litigation[,]" while other courts "have adopted less preclusive measures, allowing counsel who have had access to confidential information to participate in post-grant proceedings, but prohibiting them from participating in drafting or amending claims in those proceedings."); *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, No. 09-02180, 2011 WL 197811, at *2 & n.1 (N.D. Cal. Jan. 20, 2011) (scope of activities prohibited by the bar is sufficiently narrow, where it "include[d] directly or indirectly drafting, amending, advising or otherwise affecting the scope or maintenance of patent claims, but does not include representing a party challenging a patent before a domestic or foreign agency" (cleaned up)); *DeCurtis LLC v. Carnival Corp.*, No. 20-22945, 2021 WL 38265, at *6 (S.D. Fla. Jan. 5, 2021) ("Most courts have allowed prosecution bars on activities closely associated with patent prosecution[,]" such as prohibitions on "directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims" (cleaned up)).

---

should begin when the information is first accessed by the affected individual and should end two years after the final termination of this action. *Id.*, p. 21.

First, the prosecution bar should be limited to individuals who have access to *technical* information designated as "Highly Confidential - Attorneys' Eyes Only." This would alleviate Plaintiffs' concerns that a prosecution bar would unfairly limit their choice of counsel "based upon pure speculation" about what information TCP would produce with regards to the LEDs, and would ensure that production of non-technical highly confidential information (*e.g.*, financial data) would not be disqualifying for counsel. ECF 54, p. 3. *See, e.g., Applied Signal Tech., Inc.*, 2011 WL 197811, at *2 ("[T]he information designated to trigger the bar must be relevant to the preparation and prosecution of patent applications.…In contrast with financial data or business information, confidential technical information, including source code, is clearly relevant to a patent application and thus may pose a heightened risk of inadvertent disclosure.").[3]

Second, the bar should allow Plaintiffs to seek exemptions, on a counsel-by-counsel basis by agreement of the parties, and short of an agreement, upon motion to the Court. The Court finds that this would strike the proper balance between the parties' competing interests in this case. *See In re Deutsche Bank*, 605 F.3d at 1380 ("In balancing these conflicting interests the district court has broad discretion to decide what degree of protection is required."). To the extent that the proposed protective order isn't explicit or clear enough on this, such language should be added.

Accordingly, the Court hereby orders the parties to submit a final proposed protective order, consistent with this decision, by January 31, 2025.

DATED this 24th day of January, 2025.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[3] This may require the parties to add an additional defined term/designation to their protective order. The Court, however, will not require this revision if Plaintiffs ultimately do not request it.