IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD.; and SEOUL VIOSYS CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNICAL CONSUMER PRODUCTS, INC. <br><br> Defendant. | 1:24-cv-579 |

**<u>MEMORANDUM ORDER</u>**

Before the Court is Defendant Technical Consumer Products, Inc.'s (TCP) partial motion to dismiss the operative complaint (the First Amended Complaint). ECF 23. TCP argues that Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. (together, the "Seoul Plaintiffs") fail to plead claims for willful infringement under 35 U.S.C. § 284 for eight of the asserted patents in the complaint (the "Asserted Patents")[1] and for pre-suit damages under 35 U.S.C. § 287 for two of the Asserted Patents.[2] After careful consideration, the Court will deny TCP's motion.

***Willful infringement under 35 U.S.C. § 284.*** The complaint plausibly states a claim of willful infringement of the Asserted Patents.

Enhanced damages under 35 U.S.C. § 284 are "not to be meted out in a typical infringement case, but are instead designed as a punitive or vindictive sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-04 (2016) (cleaned up). "For willful infringement claims, the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." *Staton Techiya,*

---

[1] The eight Asserted Patents at issue are the '675, '836, '933, '050, '967, '207, '496, and '800 patents.

[2] Specifically, the '675 and '836 patents.

- 1 -

*LLC v. Harman Int'l Indus., Inc.*, 734 F. Supp. 3d 354, 366 (D. Del. 2024) (cleaned up). "Subjective willfulness may be found when the risk of infringement was either known or so obvious that it should have been known to the accused infringer." *Id.* (cleaned up). "This standard can be distilled into three elements, that the accused infringer: (1) was aware of the patent, (2) infringed the patent after becoming aware of its existence, and (3) knew or should have known that its conduct amounted to infringement." *Id.* at 367; *see also Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082, 2018 WL 2411218, at *6 (D. Del. May 29, 2018) (concluding, post–*Halo*, that "'egregiousness' should not be a part of the calculus for determining whether a patentee has set out a plausible claim of willful infringement").

TCP argues that, aside from the claim charts provided for the '821 and '314 patents, none of the letters that the Seoul Plaintiffs sent to TCP or Walmart put TCP on notice that its conduct constituted infringement of the Asserted Patents, because the letters do not describe *how* it is that TCP is infringing the patents. ECF 24, p. 12. TCP specifically points to the April 19, 2024, letter, which TCP contends is insufficient because it merely accuses three TCP products of infringing a list of at least 79 patents each, most of which are not involved in this suit. ECF 26, p. 10; ECF 27. While that letter covered a number of patents and products, the Court finds that the various correspondence from the Seoul Plaintiffs overall was sufficient to put TCP on notice.

That is, the Seoul Plaintiffs have pled willful infringement based on the six letters that were sent to Walmart and TCP spanning from July 2023 to April 2024, which TCP didn't respond to substantively (aside from confirming receipt of the letters) or commit to stop selling the products at issue. ECF 22, ¶¶ 21-30. The letters identified the specific accused products, warned that they infringed specific patents, including the ones in suit, and expressed frustration with the lack of resolution of the Seoul Plaintiffs' infringement concerns, despite sending several notices. *Id.*, ¶¶ 21, 25, 30.

At the pleading stage, these allegations are sufficient to permit the willful infringement claim to at least proceed to discovery. *See Bio-Rad Lab'ys Inc. v. Thermo Fisher Sci. Inc.*, 267 F. Supp. 3d 499, 501 (D. Del. 2017) (willfulness plausibly pled where infringer received notice of the infringement in March 2013, received proposed licensing terms in January 2014, received a reminder letter in May 2015 that sales of the accused products constituted infringement of the patent-in-suit, and infringer also directed the filing of the opposition to a European patent that is a counterpart to the patent-in-suit); *Bench Walk Lighting LLC v. LG Innotek Co.*, No. 20-51, 2022 WL 606287, at *2 (D. Del. Jan. 4, 2022) (willfulness plausibly pled where infringer received a notice letter that listed many accused products, stated that these products "infringe many of the patents in [patentee's] portfolio[,]" and listed eleven patents, including eight of the ten patents-in-suit; "There is no requirement that a plaintiff pleads notice of how specific product features infringe specific patents."); *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-885, 2017 WL 74729 (S.D.N.Y. Jan. 4, 2017) (willfulness plausible pled based on multiple letters sent to infringer describing the alleged infringement, *e.g.*, naming particular patents at issue, identifying the allegedly infringing products, and informing infringer that patentee believed infringer was using the patents without authorization).

***Pre-suit damages under 35 U.S.C. § 287.*** The complaint also sufficiently pleads a basis for pre-suit damages for the '675 and '836 patents under 35 U.S.C. § 287, as the April 19, 2024, letter sufficiently satisfies the actual notice provision of Section 287(a). ECF 22, ¶ 30.

"The requirement of actual notice under § 287(a) is designed to assure that the recipient knew of the adverse patent during the period in which liability accrues, when constructive notice by marking is absent. . . .[T]he purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." *SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) ("[T]he actual notice requirement of

§ 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise."). "Determining whether the patentee's communication provides 'sufficient specificity' regarding its belief that the recipient may be an infringer cannot take into consideration the knowledge or understanding of the alleged infringer, but must focus on the action of the patentee." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001).

The April 19, 2024, letter to TCP provided actual notice that the specific accused products infringed the enumerated patents, including the '675 and '836 patents. For example, it stated that "Seoul's investigation has uncovered. . .TCP products that infringe Seoul's patents. . . . TCP #L120DR56DCCT2 infringes at least the following patents: US 11,632,836, US 11,721,675, . . ." ECF 27-1. This is sufficient notice. *See Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010) ("To serve as actual notice, a letter must be sufficiently specific to support an objective understanding that the recipient may be an infringer. The letter must communicate a charge of infringement of specific patents by a specific product or group of products." (citation omitted)); *Minemyer v. B-Roc Representatives, Inc.*, No. 07-1763, 2009 WL 3757378, at *2 (N.D. Ill. Oct. 29, 2009) (letter provided actual notice where it identified the patents at issue and charged that certain products infringed the patents; "there is no need. . .to specify what patent claims are infringed"); *Lexington Luminance LLC v. Lighting & Supplies*, Inc., No. 22-61314, 2025 WL 1640806, at *7 (S.D. Fla. Feb. 24, 2025) (letter provided actual notice even though it referenced two products that weren't among the accused products in the suit).

Accordingly, TCP's partial motion to dismiss (ECF 23) is **DENIED**.

DATED this 7th day of August, 2025.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge